UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

Samaad Bishop,
               Plaintiff,

–v–

City of New York *et al.*,

               Defendants.

───────────────────────────────

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 11 2015

14-CV-7786 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On September 22, 2014, Samaad Bishop ("Plaintiff") filed the above-captioned action against the City of New York and several New York Police Department ("NYPD") officers ("Defendants"). *See* Dkt. No. 1. On October 9, 2015, Plaintiff moved to strike three of the affirmative defenses contained within Defendants' Answer. *See* Dkt. No. 29. For the reasons articulated below, Plaintiff's motion is denied.

**I.    DISCUSSION**

    Federal Rule of Civil Procedure 12(f) permits a district court to strike "from any pleading an insufficient defense." *See* Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are "not favored and will not be granted 'unless . . . plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.* ("*Edelman*"), 744 F.2d 935, 939 (2d Cir. 1984) (quoting *Durham Indus., Inc. v. N. River Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). In addition, "the movant must show that he will be prejudiced by inclusion of the defense" in order for the court to grant a motion to strike. *Connell v. City of New York*, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002).

    Plaintiff seeks to strike the following three affirmative defenses: (1) that Plaintiff's claims are barred by the statute of limitations; (2) that Plaintiff failed to comply with New York's notice

of claim requirements; (3) and that Plaintiff lacks standing to demand declaratory or injunctive relief. *See* Dkt. No. 29 at 3-5. The Court will address each of these affirmative defenses in turn.

### A. Statute of Limitations

First, Plaintiff argues that Defendants' statute of limitations affirmative defense should be stricken because he filed his complaint within the applicable statute of limitations for claims under 42 U.S.C § 1983. *See* Dkt. No. 29. at 3. Defendants argue that the Court could construe the Amended Complaint to assert claims against New York City under New York state law, which would be barred by the year-and-ninety-day statute of limitations for such claims. *See* Dkt. No. 30 at 2.

Because Plaintiff is proceeding *pro se*, the Court must interpret his pleadings liberally "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). In so doing, the Court will look at the facts alleged by the Plaintiff and determine what, if any, law applies to those facts. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (construing factual allegations to assert a negligence claim). For this reason, the Court could interpret the Plaintiff's pleadings to implicate state as well as federal law. As a result, it is not impossible for Defendants to succeed on their statute of limitations defense. *See Edelman*, 744 F.2d at 939.

Additionally, Plaintiff would not be "prejudiced by inclusion of the defense." *Connell*, 230 F. Supp. 2d at 438. Because the statute of limitations affirmative defense does not implicate any factual dispute, inclusion of the defense would not lead to "increased discovery costs," nor would it "increase the duration and expense of trial." *Coach, Inc. v. Kmart Corporations*, 756 F. Supp. 2d 421, 428 (S.D.N.Y. 2010). Instead, this affirmative defense is only applicable at the motion to dismiss stage to the extent that the Court may construe Plaintiff's pleadings to

2

implicate state law. *See Burgos,* 14 F.3d at 790. As a result, the inclusion of the statute of limitations defense does not prejudice the Plaintiff.

For this reason, Plaintiff's motion to strike the statute of limitations affirmative defense is denied.

### B. New York's Notice of Claim Requirement

Second, Plaintiff argues that Defendants' notice of claim affirmative defense should be stricken because his federal claims are not subject to a notice of claim law requirement. As noted above, the Court could interpret Plaintiff's pleadings to raise state law claims and the inclusion of the defense does not prejudice the Plaintiff. For that reason, Plaintiff's motion to strike the notice of claim affirmative defense is denied.

### C. Standing to Demand Declaratory or Injunctive Relief

Finally, Plaintiff argues that Defendants' standing affirmative defense should be stricken because he is "still subjected to being illegally [s]topped and [f]risked" and is thus entitled to an injunction. *See* Dkt. No. 29 at 5. Defendants argue that there is a legitimate question about Plaintiff's entitlement to an injunction under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), which held that "standing to seek [an] injunction . . . depend[s] on whether [a plaintiff is] likely to suffer future injury" from the challenged activity. *Id.* at 105. At this early stage of the litigation, it has not yet been established whether Plaintiff is "likely to suffer future injury." *Id.* For that reason, it cannot be said that Plaintiff "would succeed despite any state of the facts which could be proved in support of the defense." *Edelman*, 744 F.2d at 939. As a result, Plaintiff's motion to strike the standing affirmative defense is denied.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied. This resolves Dkt. No. 29.

3

SO ORDERED.

Dated: November ___, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge